# **Exhibit A**

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>VICTOR DACAL</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>TAURUS INTERNATIONAL MANUFACTURING INC, TAURUS HOLDINGS INC</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   10

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Craig S Barnett                Fla. Bar # 35548
           Attorney or party                    (Bar # if attorney)

Craig S Barnett                  12/15/2023
  (type or print name)               Date

Filing # 188145676 E-Filed 12/15/2023 03:30:55 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

VICTOR DACAL,

     *Plaintiff,*

v.

    Case No. 2023-028313-CA-01

TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

    **JURY TRIAL DEMANDED**

    *Defendants.*

## COMPLAINT

    Plaintiff, VICTOR DACAL ("Plaintiff"), sues Defendants, Taurus International Manufacturing, Inc. ("TIMI") and Taurus Holdings, Inc. ("Taurus Holdings"), collectively, "Taurus," and states the following:

### PARTIES AND JURISDICTION

    1.    Plaintiff is over the age of 21 and, at all times pertinent hereto, resides in Miami-Dade County, Florida.

    2.    TIMI is a Georgia corporation, maintaining its principal place of business in Bainbridge, Georgia.

    3.    Taurus Holdings is a Georgia corporation, maintaining its principal place of business in Bainbridge, Georgia.

    4.    Taurus Holdings is the one hundred percent stockholder of TIMI. Taurus is in the business of designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying and/or selling firearms. Taurus was responsible for designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying and/or selling the firearm that is the subject of Plaintiff's Complaint.

5.     TIMI and Taurus Holdings are so intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in this Complaint. By way of example, many individuals who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying and/or selling Taurus-branded firearms are employees of both companies. TIMI and Taurus Holdings are each included as either insureds or additional insureds on the same insurance policies that would provide coverage for the claims alleged in this Complaint.

6.     Taurus is subject to long-arm jurisdiction pursuant to Section 48.193, Florida Statutes, by virtue of its: (1) operating, conducting, engaging in, or carrying on a business or business venture within this state; (2) committing a tortious act within this state; (3) causing injury to persons or property within this state; and (4) for other independent reasons under Chapter 48, Florida Statutes.

7.     Venue is proper in this County pursuant to Chapter 47, Florida Statutes, because, among other things, Plaintiff's causes of action accrued in Miami-Dade County, Florida; Plaintiff suffered his injuries in Miami-Dade County, Florida; and for other independent reasons under Chapter 47, Florida Statutes.

8.     All conditions precedent to this action have been satisfied, waived or otherwise excused.

9.     Plaintiff has agreed to pay an attorneys' fee for the prosecution of this action based upon a contingency fee.

## <u>INTRODUCTION</u>

10.     Plaintiff was seriously injured on April 12, 2023, when his semi-automatic 9mm pistol, a Taurus GX4 model, serial number: 1GA49883, (hereinafter referred to as the "Subject

2

Firearm"), discharged unintentionally due to a safety defect after falling and striking the ground. The Subject Firearm was unreasonably dangerous and unfit for its intended use due to a safety defect that allows the trigger to move rearward when the firearm is subject to an impact, such as being dropped on the floor (the "Drop-Fire Defect" or "Safety Defect"). The Drop-Fire Defect results in pistols of the type and model described herein, including Subject Firearm, firing unexpectedly and against the intentions of the handler.The Subject Firearm was purchased new on December 19, 2021. Taurus currently markets and sells the subject model pistol in the United States market. (*See https://www.taurususa.com/pistols/taurus-gx4*). Plaintiff does not wish or intend to disparage the right to bear arms as guaranteed by the Second Amendment to the United States Constitution. Rather, he seeks only to hold Taurus accountable for its actions in designing, engineering, manufacturing, marketing, importing, distributing, selling and/or failing to test and inspect the Subject Firearm, and misrepresenting facts about Subject Firearm's safety while omitting facts relating to the Subject Firearm's defective and unreasonably dangerous nature. Instead of impinging upon the Second Amendment, this lawsuit is brought by an individual who lawfully exercised his Second Amendment right to bear arms.The Subject Firearm is defective and unreasonably dangerous because the Safety Defect will not prevent – and, indeed, did not prevent – its unintended discharge. This Safety Defect resulted in Plaintiff's serious injuries. The Safety Defect resulted from the inadequate design, engineering, manufacturing, testing and/or inspecting of the Subject Firearm, and the continued failure of Taurus to remedy the Safety Defect.Despite actual knowledge of the Safety Defect, Taurus never remedied the Safety Defect, and never issued an effective and complete warning to the public or recall of Subject Firearm prior to the time Taurus distributed it. In fact, prior to distribution of Subject Firearm, Taurus Defendants continued to falsely represent to the public and Victor Dacal that the subject pistol was safe and reliable

3

despite their knowledge of the Safety Defect and that individuals had been seriously injured as a result of the Safety Defect.Taurus had a duty to disclose and warn Plaintiff truthfully and accurately, and not to conceal or misrepresent the risks attendant with the Safety Defect. Notwithstanding this duty, and in violation thereof, Taurus carelessly and negligently failed to disclose and warn Plaintiff of the Safety Defect.

16.     Taurus fraudulently concealed and intentionally failed to warn Plaintiff of the Safety Defect with the intent to deceive him and the general public. Taurus falsely and fraudulently represented to Plaintiff that the Subject Firearm was safe for normal and intended use when, in fact, Subject Firearm was not safe for normal and intended use.

17.     Taurus conspired among themselves and with others to conceal the Safety Defect from Plaintiff and the public. Taurus also conspired among themselves and with others in efforts to understate or misrepresent the nature of the risk created by the Safety Defect.

18.     The Safety Defect is a latent defect and the Subject Firearm was defective in a way that would not be apparent to the Plaintiff and the public.

## GENERAL ALLEGATIONS

19.     Taurus Armas, S.A. (formally known as Forjas Taurus, S.A.) has been producing small arms in Brazil since 1941.  In 1968, Taurus Armas, S.A. began to venture in the United States market with limited success.  Accordingly, in 1982, Taurus Armas, S.A. opened an affiliated United States company in Miami-Dade County, Florida, TIMI.  However, when TIMI began distributing and selling its firearms here in the United States, it considered its brand to be an unknown commodity in the United States.  Accordingly, in 1984, Taurus began offering an Unlimited Lifetime Repair Policy on all of its pistols.  That Unlimited Lifetime Repair Policy applied to the subject pistol as well.

4

20. On or about December 19, 2021, the Subject Firearm was purchased new from World Wide Sportsman (Bass Pro Shops) in Miami, Florida. Plaintiff carried the Subject Firearm for personal protection. The Subject Firearm was kept in the holster.

21. On April 12, 2023, Plaintiff was reaching for the Subject Firearm on his nightstand, when it fell out of the holster, and hit the floor. When the Subject Firearm hit the floor, it fired, and the bullet struck Plaintiff on the front of his left leg near his knee and exited through his rear upper thigh.

22. Plaintiff was fifty-two (52) years old at the time of the drop-fire. Because of this incident, he suffered serious, life-threatening injuries that resulted in medical treatment.

23. Significantly, the Subject Firearm caused permanent injury in Plaintiff's left leg. He continues to have numbness and tingling, and now is forced to use a cane to walk. After months of medical treatment and physical therapy, these issues will not resolve, are permanent and will continue. Given Plaintiff's age, the permanency of his injuries is a significant non-economic category of damage that he will experience for the rest of his life.

## COUNT ONE
## NEGLIGENCE

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

24. Negligence is the failure to use reasonable care, which is the care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier of firearms would use under like circumstances.

25. Negligence in the instant matter is designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing and/or inspecting a firearm product in a manner that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer,

distributer and/or supplier would not do under like circumstances or failing to do something that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributer and/or supplier would do under like circumstances.

26. At all times material hereto, Taurus, as a firearm manufacturer, owed a duty of care to purchasers and users of its firearms, including, but not limited to Plaintiff.

27. Taurus breached its duty of care to Plaintiff by, among other things, failing to use the reasonable care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributer and/or supplier would have used under like circumstances.

28. Taurus breached their duties of care to the Plaintiff in one or more of the following ways:

a. failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing and/or inspecting Subject Firearm;

b. failing to take adequate corrective action or preventive action to remedy the Safety Defect;

c. failing to maintain proper records and data of incidents, complaints, malfunctions, inspections and testing;

d. failing to create and provide clear operational and safety instructions, manuals, warnings and literature;

e. failing to warn Plaintiff and the public of the Safety Defect;

f. failing to warn Plaintiff and the public that Taurus did not inspect or test the pistols before the pistols were distributed;

g. failing to warn of all the above; and

h. other acts of negligence to be determined through discovery.

6

29.     Taurus's conduct as described in this Complaint was inconsistent with what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier of firearms would have done under like circumstances.

30.     Taurus failed to do what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

31.     Taurus's negligence was the proximate cause of Plaintiff's severe personal injuries, pain, disfigurement, disability and loss of capacity for enjoyment of life, of the medical expenses required for his care and treatment now and in the future; and any and all other damages allowable by law.  Taurus are liable for all injuries, damages and losses that resulted from their negligence.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

### COUNT TWO
### BREACH OF EXPRESS WARRANTY

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

32.     A product is defective if it does not conform to representations of fact made by the Defendants, orally or in writing, in connection with the transaction on which the Plaintiff relied in the use of the product.

33.     Taurus made specific representations of fact in writing in their instruction manual (the "Taurus Manual") and "Limited Warranty" - written documents which are provided with their pistols and/or which are also published on the USA public website of Defendant TIMI. These documents form part of the basis of the bargain between Taurus and Plaintiff.  These documents

7

were specifically provided to Plaintiff. Each of the representations of fact contained therein is a separate and independent express warranty made to the Plaintiff.

34.     The representations of fact made to the Plaintiff and set forth in the Taurus Manual, include the following: (a) that "[y]our firearm comes equipped with an effective, well designed safety device;" (b) the "Taurus pistols were manufactured to perform properly with the original parts as designed;" (c) that the Trigger Safety "device is designed to preclude the backward movement of the trigger bar so as to prevent an accidental discharge in case the firearm is dropped" and "[t]he system is disengaged when the trigger is pulled to the rear;" (d) the Firing Pin Block is "designed to prevent the firing pin from going forward and striking the primer [and] is engaged until the trigger is in its final rearward position;" (e) the Firing Pin Block "is designed to preclude an accidental discharge should the firearm be dropped;" (f) "Before shipment, your firearm was carefully inspected and test fired in order to ensure that it conformed to our specifications and standards." Moreover, the representations of fact made to Plaintiff in the "Limited Warranty," were that "[h]andguns manufactured by Taurus are warranted to be free from defects in material and workmanship."

35.     Taurus breached these express warranties by not providing a product to Plaintiff that conformed to these representations of fact.

36.     As a consequence of Taurus's breach of express warranties, Plaintiff was severely suffered damages.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

8

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

37.     A product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by Taurus.

38.     The Subject Firearm was not reasonably fit for either the uses intended or the uses reasonably foreseeable by Taurus due to the Safety Defect.

39,     Taurus was on notice of the breach of implied warranties at the time Subject Firearm was manufactured, marketed, sold, imported, distributed and/or supplied by them. Taurus knew, or should have known, about the Safety Defect at the time Subject Firearm was designed, engineered, manufactured, marketed, sold, imported, distributed and/or supplied by them.

40.     As a proximate result of Taurus's breach of implied warranties of merchantability, Plaintiff was severely injured.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

## COUNT FOUR
## STRICT LIABILITY – MANUFACTURING DEFECT

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

41.     Any marketer, seller, importer, distributor and/or supplier in the chain of distribution is liable for injury caused by a defective product. At all times hereto, Taurus is the

manufacturer in the chain of distribution of Subject Firearm and are, therefore, liable for the injuries suffered by Plaintiff.

42. A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

43. A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.

44. A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

45. Subject Firearm is defective because of the manufacturing defect (i.e., the Drop-Fire Defect) as it was different from its intended design and failed to perform as safely as the intended design would have performed. Subject Firearm was expected to and did reach Plaintiff without substantial change affecting that condition.

46. The manufacturing defect (i.e., Drop-Fire Defect) was the proximate cause of Plaintiff's injuries.

47. Taurus is strictly liable for all injuries, damages and losses that resulted from the manufacturing defect of Subject Firearm.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

**COUNT FIVE**
**STRICT LIABILITY – DESIGN DEFECT**

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

48.     Any marketer, seller, importer, distributor and/or supplier in the chain of distribution is liable for injury caused by a defective product. Taurus was the designers in the chain of distribution of Subject Firearm and are, therefore, liable for the injuries caused to Plaintiff by the defective firearm.

49.     A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

50.     A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the defendants, or alternatively, the risk of danger in the design outweighs the benefits.

51.     A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

52.     Subject Firearm is defective because of the design defect (i.e., the Drop-Fire Defect) and was in a condition unreasonably dangerous to Plaintiff.  Subject Firearm was expected to and did reach him without substantial change affecting that condition.

53.     The design defect (i.e., the Drop-Fire Defect) was the proximate cause of Plaintiff's injuries.

54.     Taurus is, therefore, strictly liable for all injuries, damages, and losses that resulted from the design defect of Subject Firearm.

11

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

## COUNT SIX
## STRICT LIABILITY - FAILURE TO WARN

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

55.     A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

56.     A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

57.     The foreseeable risks of harm from a drop-fire could have been reduced or avoided if Taurus had provided reasonable instructions or warnings, and Taurus ' failure to provide these instructions or warnings render the Plaintiff's pistol defective.

58.     Taurus had the opportunity to warn Plaintiff about the Drop-Fire Defect upon his original purchase.  They failed to do so.

59.     The failure to warn was the proximate cause of Plaintiff's injuries.

60.     Taurus are strictly liable for all injuries, damages, and losses that resulted from their failure to warn Plaintiff about the Drop-Fire Defect.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

12

## COUNT SEVEN
## NEGLIGENT MISREPRESENTATION

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

61.     Taurus, in the Taurus Manual for Subject Firearm, made representations of fact to the Plaintiff. These include the following:

       a.    that "[y]our firearm comes equipped with an effective, well designed safety device;"

       b.    the "Taurus pistols were manufactured to perform properly with the original parts as designed;"

       c.    that the Trigger Safety "device is designed to preclude the backward movement of the trigger bar so as to prevent an accidental discharge in case the firearm is dropped" and "[t]he system is disengaged when the trigger is pulled to the rear;"

       d.    the Firing Pin Block is "designed to prevent the firing pin from going forward and striking the primer [and] is engaged until the trigger is in its final rearward position;"

       e.    the Firing Pin Block "is designed to preclude an accidental discharge should the firearm be dropped;"

       f.    "Before shipment, your firearm was carefully inspected and test fired in order to ensure that it conformed to our specifications and standards."

62.     Moreover, in the Limited Warranty, Taurus made the further representation of fact that "[h]andguns manufactured by Taurus are warranted to be free from defects in material and workmanship."

63.     These statements by Taurus concerned material facts that they believed to be true but which were in fact false. Taurus were negligent in making the statements because they should have known the statements were false and in making the statements they intended or expected that another would rely on the statements.

13

64.     Plaintiff justifiably relied on the false statements by purchasing, retaining, repairing, carrying and using the subject pistol. Thus, these statements were the proximate cause of his injuries.

65.     Taurus's negligent misrepresentations were the proximate cause of Plaintiff's injuries.

66.     Taurus are liable for all injuries, damages and losses that resulted from their negligent misrepresentations.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

## COUNT EIGHT
## VICARIOUS LIABILITY (ACTUAL AGENCY)

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

67.     At all times material to the allegations and claims in this Complaint, Taurus Holdings acted as principal to TIMI, as it was the 100% owner of TIMI and exercised and/or retained the right to exercise extensive and continuous control over TIMI.

68.     At all times material to the allegations and claims in this Complaint, TIMI was an agent of Taurus Holdings, as it acted on behalf of and/or under the control of Taurus Holdings.

69.     TIMI breached its duty of care to Plaintiff in numerous ways.

70.     As a proximate result of the acts or omissions of TIMI, Plaintiff was injured.

71.     Because of its extensive and continuous control over TIMI, Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of TIMI.

14

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

## COUNT NINE
### VICARIOUS LIABILITY (APPARENT AGENCY)

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

72.    At all times material to the allegations and claims in this Complaint, Taurus Holdings acted as principal to TIMI, as it was the 100% owner of TIMI and exercised and/or retained the right to exercise extensive and continuous control over TIMI.

73.    At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings has held out Defendant TIMI as its subsidiary and/or as one of its family of firearms brands and as its apparent agent in several ways including, but not limited to, the following, at all times material hereto:

      a.    Taurus Holdings lists TIMI among its associated brands of firearms on its website (https://www.taurususa.com/company/about-taurus-holdings-inc);

      b.    Taurus Holdings and TIMI shared offices for years;

      c.    Bret Vorhees serves as the CEO of both Taurus Holdings and TIMI;

      d.    At least some employees or agents who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying and/or selling Taurus pistols, including the pistol that is the subject of this suit, are employees of both TIMI and Taurus Holdings.

      e.    Taurus Holdings and TIMI are each included as either insureds or additional insureds on the same insurance policies that would provide coverage for the claims alleged in this Complaint.

      f.    Taurus Holdings and TIMI are so intertwined contractually for each other's liabilities that they are essentially one entity.

74.     At all times material, the facts outlined above were made known to the public, including the Plaintiff, intentionally and/or by lack of reasonable care.

75.     Plaintiff had a reasonable belief that TIMI had the authority to operate on behalf of, and for the benefit of, Taurus Holdings.

76.     As a further result of the numerous and pervasive facts of agency outlined above, the Plaintiff had a reasonable belief that Taurus Holdings exercised and/or retained the right to exercise extensive and continuous control over TIMI.

77.     As detailed in the preceding paragraphs, TIMI breached its duty of care to Plaintiff in numerous ways.

78.     As a proximate result of the aforementioned acts or omission of Defendant TIMI, the Plaintiff was injured.

79.     Because of the numerous and pervasive facts of agency outlined above, Defendant Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

## COUNT TEN
## VICARIOUS LIABILITY (JOINT VENTURE)

Plaintiff sues Taurus, repeats and realleges Paragraphs 1 through 23, as if restated more fully herein, and further states:

80.     At all times material to the allegations and claims in this Complaint, Taurus Holdings acted as principal to TIMI, as it was the 100% owner of TIMI and exercised and/or retained the right to exercise extensive and continuous control over TIMI.

81.     As a result of Taurus Holdings' ownership of TIMI, at all times material to the allegations and claims in this Complaint, Taurus Holdings and TIMI were engaged in a joint venture in the manufacture and sale of firearms, with a joint control or joint right of control over the manufacture and sale of firearms, a joint proprietary interest over the manufacture and sale of firearms, a joint right to share in the profits from the manufacture and sale of firearms, and a joint duty to share in the losses from the manufacture and sale of firearms.

82.     As TIMI breached its duty of care to Plaintiff.

83.     As a proximate result of the aforementioned acts or omissions of TIMI, Plaintiff was injured.

84.     Because of its joint venture with TIMI, Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of TIMI.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

### COMBINING AND CONCURRING CONDUCT

85.     The conduct of Taurus as described in this Complaint combined and concurred to cause the Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Taurus for damages available under the law, prejudgment and postjudgment interest, and such further relief as may be available, including but not limited to an award of attorneys' fees and costs.

### DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

17

Dated:  December 15, 2023

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, Florida 33301
Telephone: (954) 462-9500
Facsimile: (954) 462-9567
E-mail: cbarnett@stearnsweaver.com
        ckoff@stearnsweaver.com
Secondary Email: mhernandez@stearnsweaver.com


By:   */s/Craig S. Barnett*
        CRAIG S. BARNETT
        Florida Bar No. 35548
        CHELSEA E. KOFF
        Florida Bar No. 100557


*/s/ Todd Wheeles*
M. Todd Wheeles (*Pro Hac Vice Pending*)
Matthew G. Garmon (FL Bar No. 121519)
**WHEELES & GARMON, ATTORNEYS AT LAW**
3000 Riverchase Galleria, Suite 905
 Birmingham, Alabama 35244
 Telephone:     (205) 988-9253
 Email:  todd@wheelesgarmonattorneys.com
          matt@wheelesgarmonattorneys.com

18

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

VICTOR DACAL,

     *Plaintiff,*

v.

TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants*.

Case No. _____

**JURY TRIAL DEMANDED**

## VERIFIED MOTION FOR ADMISSION OF M. TODD WHEELES, ESQ. TO APPEAR *PRO HAC VICE* PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

     M. Todd Wheeles, Esq. ("Movant") respectfully requests admission *pro hac vice* in this matter, and in support states:

     1.     Movant resides in the State of Alabama, and is not a resident of the State of Florida.

     2.     Movant is an attorney at the law firm of Wheeles & Garmon, LLP, 3000 Riverchase Galleria, Suite 905, Birmingham, Alabama 35244, (205) 988-9253.

     3.     Movant's law firm has been retained by Plaintiff Victor Dacal ("Plaintiff").

     4.     Movant is an active member in good standing, and is currently eligible to practice law in the following jurisdictions:

     State Bar of Alabama (Bar No. ASB-5177-I65W)
     United States District Court for the Northern District of Alabama
     United States District Court fort the Middle District of Alabama
     United States District Court for the Southern District of Alabama

     5.     There have been no disciplinary, suspension, disbarment or contempt proceedings initiated against Movant in the preceding five (5) years.

6. Movant, either by resignation, withdrawal or otherwise, has never terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment or suspension proceedings.

7. Movant is not an inactive member of The Florida Bar.

8. Movant is not now and has never been a member of The Florida Bar.

9. Movant is not a suspended member of The Florida Bar.

10. Movant is not a disbarred member of The Florida Bar, nor has Movant received disciplinary resignation from The Florida Bar.

11. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

12. Movant has not made an appearance in the last 365 days as per Rule 2.510 of the Florida Rules of Judicial Administration.

13. Local counsel of record associated with Movant in this matter is Craig S. Barnett, Florida Bar No. 35548, who is an active member in good standing of The Florida Bar and has offices at Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., New River Center, Suite 2100, 200 East Las Olas Boulevard, Ft. Lauderdale, FL 33301, telephone number (954) 462-9500.

14. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating the Florida Bar and certifies that this verified motion complies with those rules.

15. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant M. Todd Wheeles, Esq., respectfully requests permission to appear in this Court *pro hac vice* for this case only.

_____
M. Todd Wheeles
Wheeles & Garmon, Attorneys at Law
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Telephone:  (205) 988-9253
todd@wheelesgarmonattorneys.com

STATE OF ALABAMA    )
                              )
COUNTY OF JEFFERSON  )

I, M. Todd Wheeles, Esq., do hereby swear and affirm under penalty of perjury that I am the Movant in the above-styled matter, that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

 

_____
M. Todd Wheeles, Esq.
Movant/Affiant

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida

Rule of Judicial Administration 2.510.

STEARNS    WEAVER    MILLER    WEISSLER
ALHADEFF & SITTERSON, P.A.
New River Center, Suite 2100
200 East Las Olas Boulevard
Ft. Lauderdale, FL 33301
Telephone: (954) 462-9553


By: /s/ Craig S. Barnett
CRAIG S. BARNETT
Florida Bar Number 35548
cbarnett@stearnsweaver.com
mhernandez@stearnsweaver.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished by FedEx to **PHV Admissions**, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333, accompanied by payment of the $250.00 filing fee made payable to The Florida Bar. I further certify that undersigned counsel has electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Portal.  Pursuant to Florida R. Jud. Adm. 2.516(b), I also certify that the foregoing document has been furnished to all counsel of record via transmission of Notices of Service of Court Document generated by the E-Portal, this 15th day of December, 2023.

/s/ *Craig S. Barnett*
CRAIG S. BARNETT

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

VICTOR DACAL,

     *Plaintiff*,

v.

TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants*.

Case No.  2023-028313-CA-01

**JURY TRIAL DEMANDED**

**SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action upon Defendant,

     TO:    TAURUS INTERNATIONAL MANUFACTURING, INC.,
             a Georgia corporation
             THOMAS CONGER, REGISTERED AGENT
             218 E. WALTER STREET
             BAINBRIDGE, GEORGIA 39817

     The Defendant is required to serve written defenses to the complaint on Plaintiff's attorneys M. Todd Wheeles, Esq., Wheeles & Garmon, 3000 Riverchase Galleria, Suite 905, Birmingham, Alabama 35244, and Craig S. Barnett, Esq., Stearns Weaver Miller Weissler Alhadeff & Sitterson, 200 East Las Olas, Suite 2100, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, Saturdays, Sundays and legal holidays, and to file the original of the written defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. IF DEFENDANT FAILS TO DO SO, A DEFAULT WILL BE ENTERED AGAINST THE DEFENDANT FOR THE RELIEF DEMANDED IN THE COMPLAINT.

     WITNESS my hand and seal of said Court on _____, 2023.

CLERK OF COURT

By:_____
          As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 days, exclusive of the day of service, Saturdays, Sundays and legal holidays, after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuena, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANTE**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous

2

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

VICTOR DACAL,

     *Plaintiff,*

v.

TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants.*

Case No.  2023-028313-CA-01

**JURY TRIAL DEMANDED**

**SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action upon Defendant,

     TO:   TAURUS HOLDINGS, INC.,
           a Georgia corporation
           THOMAS CONGER, REGISTERED AGENT
           218 E. WALTER STREET
           BAINBRIDGE, GEORGIA 39817

     The Defendant is required to serve written defenses to the complaint on Plaintiff's attorneys M. Todd Wheeles, Esq., Wheeles & Garmon, 3000 Riverchase Galleria, Suite 905, Birmingham, Alabama 35244, and Craig S. Barnett, Esq., Stearns Weaver Miller Weissler Alhadeff & Sitterson, 200 East Las Olas, Suite 2100, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, Saturdays, Sundays and legal holidays, and to file the original of the written defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. IF DEFENDANT FAILS TO DO SO, A DEFAULT WILL BE ENTERED AGAINST THE DEFENDANT FOR THE RELIEF DEMANDED IN THE COMPLAINT.

     WITNESS my hand and seal of said Court on _____, 2023.

CLERK OF COURT

By:_____
           As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 days, exclusive of the day of service, Saturdays, Sundays and legal holidays, after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuena, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANTE**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

VICTOR DACAL,

     *Plaintiff,*

v.

Case No. 2023-028313-CA-01

**JURY TRIAL DEMANDED**

TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants.*

### SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action upon Defendant,

     TO:    TAURUS INTERNATIONAL MANUFACTURING, INC.,
              a Georgia corporation
              THOMAS CONGER, REGISTERED AGENT
              218 E. WALTER STREET
              BAINBRIDGE, GEORGIA 39817

     The Defendant is required to serve written defenses to the complaint on Plaintiff's attorneys M. Todd Wheeles, Esq., Wheeles & Garmon, 3000 Riverchase Galleria, Suite 905, Birmingham, Alabama 35244, and Craig S. Barnett, Esq., Stearns Weaver Miller Weissler Alhadeff & Sitterson, 200 East Las Olas, Suite 2100, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, Saturdays, Sundays and legal holidays, and to file the original of the written defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. IF DEFENDANT FAILS TO DO SO, A DEFAULT WILL BE ENTERED AGAINST THE DEFENDANT FOR THE RELIEF DEMANDED IN THE COMPLAINT.

     WITNESS my hand and seal of said Court on _____12/18/2023_____, 2023.

               CLERK OF COURT

                                307967

               By:_____

                       As Deputy Clerk

                       Juan Fernandez-Barquin,
                       Clerk of the Court and Comptroller

### IMPORTANT

A lawsuit has been filed against you.  You have 20 days, exclusive of the day of service, Saturdays, Sundays and legal holidays, after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.   Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuena, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANTE

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous

2

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

VICTOR DACAL,

     *Plaintiff,*

v.

TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants.*

Case No.  2023-028313-CA-01

**JURY TRIAL DEMANDED**

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action upon Defendant,

     TO:    TAURUS HOLDINGS, INC.,
               a Georgia corporation
               THOMAS CONGER, REGISTERED AGENT
               218 E. WALTER STREET
               BAINBRIDGE, GEORGIA 39817

     The Defendant is required to serve written defenses to the complaint on Plaintiff's attorneys M. Todd Wheeles, Esq., Wheeles & Garmon, 3000 Riverchase Galleria, Suite 905, Birmingham, Alabama 35244, and Craig S. Barnett, Esq., Stearns Weaver Miller Weissler Alhadeff & Sitterson, 200 East Las Olas, Suite 2100, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, Saturdays, Sundays and legal holidays, and to file the original of the written defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  IF DEFENDANT FAILS TO DO SO, A DEFAULT WILL BE ENTERED AGAINST THE DEFENDANT FOR THE RELIEF DEMANDED IN THE COMPLAINT.

                                     12/18/2023
WITNESS my hand and seal of said Court on _____, 2023.

                          CLERK OF COURT

                               307967
                By:_____

                      As Deputy Clerk

                      Juan Fernandez-Barquin,
                      Clerk of the Court and Comptroller

## IMPORTANT

A lawsuit has been filed against you.  You have 20 days, exclusive of the day of service, Saturdays, Sundays and legal holidays, after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuena, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANTE

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous

2

# VERIFIED RETURN OF SERVICE

**State of Florida**                          **County of Miami-Dade**                          **Circuit Court**

Case Number: 2023-028313-CA-01

Plaintiff:
**VICTOR DACAL,**

vs.

Defendant:
**TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS
HOLDINGS, INC.,**

For:
Craig S. Barnett, Esq.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
200 East Las Olas Boulevard
Suite 2100
Fort Lauderdale, FL 33301

Received by Quick Response Process Serving on the 19th day of December, 2023 at 8:59 am to be served
on **Taurus International Manufacturing, Inc., a Georgia Corporation, Thomas Conger, Registered
Agent, 218 E. Walter Street, Bainbridge, GA 39817**.

I, Kathy King, do hereby affirm that on the **20th day of December, 2023** at **4:13 pm, I:**

served a **CORPORATE-REGISTERED AGENT** by delivering a true copy of the **Summons and
Complaint** with the date and hour of service endorsed thereon by me, to: **Thomas Conger** as
**REGISTERED AGENT** at the address of: **218 E. Walter Street, Bainbridge, GA 39817** on behalf of
**Taurus International Manufacturing, Inc., a Georgia Corporation,**, and informed said person of the
contents therein, in compliance with state statutes.

I certify I have no interest in the above action, am of legal age and have proper authority in the jurisdiction
in which this service was made. Under penalties of prejury, I declare that I have read the foregoing
affidavit and that the facts stated in it are true.

*Kathy King*

**Kathy King**
Process Server

**Quick Response Process Serving**
**1421 S.W. 107 Avenue**
**# 183**
**Miami, FL 33174**
**(305) 859-9550**

Our Job Serial Number: QRP-2023002619

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2s



## VERIFIED RETURN OF SERVICE

**State of Florida**                       **County of Miami-Dade**                    **Circuit Court**

Case Number: 2023-028313-CA-01

Plaintiff:
**VICTOR DACAL,**

vs.

Defendant:
**TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,**

For:
Craig S. Barnett, Esq.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
200 East Las Olas Boulevard
Suite 2100
Fort Lauderdale, FL 33301

Received by Quick Response Process Serving on the 19th day of December, 2023 at 8:59 am to be served on **Taurus Holdings, Inc., a Georgia Corporation, Thomas Conger, Registered Agent, 218 E. Walter Street, Bainbridge, GA 39817**.

I, Kathy King, do hereby affirm that on the **21st day of December, 2023** at **2:41 pm, I:**

served a **CORPORATE-REGISTERED AGENT** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Thomas Conger** as **REGISTERED AGENT** at the address of: **218 E. Walter Street, Bainbridge, GA 39817** on behalf of **Taurus Holdings, Inc., a Georgia Corporation,**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 59, Sex: M, Race/Skin Color: Caucasian, Height: 5'9, Weight: 155, Hair: Gray, Glasses: -

I certify I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. Under penalties of prejury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

_Kathy King_
**Kathy King**
Process Server

**Quick Response Process Serving**
**1421 S.W. 107 Avenue**
**# 183**
**Miami, FL 33174**
**(305) 859-9550**

Our Job Serial Number: QRP-2023002620

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2s